A.D.E. Sys., Inc. v Energy Labs, Inc. (2020 NY Slip Op 02911)





A.D.E. Sys., Inc. v Energy Labs, Inc.


2020 NY Slip Op 02911


Decided on May 20, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2017-08501
 (Index No. 604036/15)

[*1]A.D.E. Systems, Inc., respondent,
v
Energy Labs, Inc., appellant.


Kaufman Dolowich & Voluck, LLP, Woodbury, NY (Erik A. Ortmann and Adam M. Marshall of counsel), for appellant.
Levitt LLP, Mineola, NY (Steven L. Levitt, James E. Brandt, and Trevor M. Gomberg of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Nassau County (Vito M. DeStefano, J.), entered June 23, 2017. The order, insofar as appealed from, denied those branches of the defendant's motion pursuant to CPLR 3211(a) which were to dismiss the causes of action in the amended complaint alleging breach of contract, anticipatory breach of contract, and breach of the implied covenant of good faith and fair dealing.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the defendant's motion pursuant to CPLR 3211(a) which were to dismiss the causes of action alleging breach of contract, anticipatory breach of contract, and breach of the implied covenant of good faith and fair dealing are granted.
The plaintiff is a New York corporation that has been involved in the design and distribution of heating, ventilation, and air conditioning (HVAC) equipment since 1973. The defendant is a manufacturer of custom rooftop HVAC air handlers.
On or about April 1, 2015, the parties entered into a Manufacturers Representative Agreement (hereinafter the agreement) wherein the plaintiff would become the representative for the defendant in the New York area. The agreement provided for the following: "10. Term and Cancellation 10.1 Term . The term of this Agreement shall commence as of the date hereof ( Effective Date') and shall continue in full force and effect for an initial term of one (1) year thereafter. Subject to this Section 10, this Agreement shall be automatically renewed for additional successive renewal periods of one (1) year each unless written notice of an intended change or intent not to renew is delivered by either of the parties at least thirty (30) days prior to the expiration of the preceding period. 10.2 Cancellation . Subject to the other provisions of this Section 10, either party may terminate its obligations under this Agreement or any actual or proposed extension of the initial term hereof for any reason by giving the other party at least thirty (30) days prior written notice of such cancellation." The agreement was governed by the laws of the State of California.
On or about May 21, 2015, the defendant sent a notice to the plaintiff cancelling the agreement pursuant to section 10.2. The plaintiff thereafter commenced this action, inter alia, to recover damages for breach of the agreement, and the defendant subsequently moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the amended complaint, relying upon the terms of the parties' agreement. The Supreme Court, inter alia, denied those branches of the motion which were to dismiss the causes of action alleging breach of contract, anticipatory breach of contract, and breach of the implied covenant of good faith and fair dealing. The defendant appeals.
"The elements of a cause of action for breach of contract include the existence of a contract, plaintiff's performance or excuse for non-performance, defendants' breach, and resulting damages to plaintiff" (J.B.B. Investment Partners Ltd. v Fair , 37 Cal App 5th 1, 9). Further, "[t]erms set forth in a writing intended by the parties as a final expression of their agreement with respect to the terms included therein may not be contradicted by evidence of a prior agreement or of a contemporaneous oral agreement" (Cal Code Civ Proc § 1856[a]).
Contrary to the plaintiff's contention, the terms of the agreement in this case expressly permitted cancellation by either party during the initial one-year term, and the complaint therefore fails to state a viable cause of action for breach of contract. Pursuant to California law, contracts with mutual cancellation provisions are not illusory (see Third Story Music, Inc. v Waits , 41 Cal App 4th 798, 807), and contracts that provide for a fixed duration but that also contain an express clause for termination at will are not inconsistent (see e.g. Strategic Concepts, LLC v Beverly Hills Unified School Dist. , 23 Cal App 5th 163; Anderson v Savin Corp. , 206 Cal App 3d 356). Here, in reading sections 10.1 and 10.2 of the agreement together so as to give effect to both provisions (see Cal Code Civ Proc §§ 1641, 1652), we conclude that these sections are not irreconcilable or fatally contradictory, inasmuch as section 10.1 governed the contemplated duration of the agreement, and section 10.2 governed the right of cancellation of the agreement and expressly authorized cancellation upon proper notice, even during the initial term of the agreement (see Purcell-Murray Co. v Wolf Range Co. , 2002 Cal App Unpub LEXIS 811 [Cal Ct App 2002]).
Moreover, the defendant did not breach the agreement by cancelling it, since it is undisputed that it complied with the notice requirements of section 10.2 in cancelling. Additionally, as the agreement expressly stated that it represented the entire agreement of the parties, and the parties' rights were clearly set forth in the agreement, the parol evidence proffered by the plaintiff for the first time in its sur-reply papers could not be considered on the motion to dismiss. Accordingly, the Supreme Court should have granted that branch of the defendant's motion which was to dismiss the cause of action alleging breach of contract.
" An anticipatory breach of contract occurs on the part of one of the parties to the instrument when he positively repudiates the contract by acts or statements indicating that he will not or cannot substantially perform essential terms thereof'" (Association for Los Angeles Deputy Sheriffs v County of Los Angeles , 42 Cal App 5th 918, 940, quoting Guerrieri v Severini , 51 Cal 2d 12, 18, 330 P2d 635, 638). Here, the cause of action alleging anticipatory breach seeks damages for losses allegedly arising from the defendant's failure to renew the term of the agreement. However, since the defendant properly cancelled the agreement during the initial term, there can be no recovery for anticipatory breach of contract based on any subsequent nonrenewal (see generally Citri-Lite Co. v Cott Beverages, Inc. , 721 F Supp 2d 912, 936 [ED Cal]). Accordingly, the Supreme Court should have granted that branch of the defendant's motion which was to dismiss the cause of action alleging anticipatory breach of contract.
Furthermore, the cause of action alleging breach of the implied covenant of good faith and fair dealing is refuted by the terms of the agreement. "[A] cause of action for breach of [the] implied covenant of good faith and fair dealing is based on the principle that [e]very contract contains an implied covenant of good faith and fair dealing providing that no party to the contract will do anything that would deprive another party of the benefits of the contract'" (Miller v Zurich Am. Ins. Co. , 41 Cal App 5th 247, 257, quoting Digerati Holdings, LLC v Young Money Entertainment, LLC , 194 Cal App 4th 873, 885). "It is universally recognized the scope of conduct prohibited by the covenant of good faith is circumscribed by the purposes and express terms of the [*2]contract" (Carma Devs. [Cal.], Inc. v Marathon Dev. Cal., Inc. , 2 Cal 4th 342, 373, 826 P2d 710, 728), and the Supreme Court of California has noted that it is "aware of no reported case in which a court has held the covenant of good faith may be read to prohibit a party from doing that which is expressly permitted by an agreement" (2 Cal 4th at 374, 826 P2d at 728). Here, pursuant to section 10.2 of the agreement, either party was expressly permitted to cancel the contract at any time and for any reason upon 30 days' notice. Accordingly, the defendant could not breach the covenant of good faith and fair dealing merely by exercising a right expressly afforded it under the parties' agreement, and the Supreme Court should have granted that branch of the defendant's motion which was to dismiss the cause of action alleging breach of the implied covenant of good faith and fair dealing.
MASTRO, J.P., CONNOLLY, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court